EFFRON, Judge
(concurring in part and in the result):
I agree with the majority that Appellant has failed to carry the burden of demonstrating that there is a significant basis in law to overturn his plea. I write separately to focus on the Government’s offer to provide full payment plus interest to cover the delay in the payment that is the subject of the present appeal. Appellant has failed to demonstrate that the Government’s offer does not constitute an adequate remedy under the circumstances of this case.
As the majority notes, it is “fair to imply as a term of Appellant’s agreement that it was contemplated that the waived forfeiture of pay at the E-6 rate was to accrue to Appellant’s wife at the time the convening authority acted and that Appellant could expect that this would happen at the time he pled guilty.” United States v. Lundy, 63 M.J. 299, 302 (C.A.A.F.2006). “It is intuitive that military members would want their dependents to benefit from the present value of any waiver of forfeitures.” Id. at 302.
In that context, factors such as the availability of transitional compensation and the request for payments “to the full extent of the law,” see id. at 302-03, do not demonstrate that Appellant contemplated that the agreement would permit delayed payments at the E-6 level. Such factors underscore that financial assistance to the family was a significant factor in the decision to plead guilty, but do not reflect that the parties contemplated a significant delay in the timing of the agreed-upon payments. While there may be cases in which the availability of transitional compensation and possibility of changes in the law would permit us to discount the importance of timing, the record here does not demonstrate that this is such a case.
*305 By its actions, the Government has recognized that timing was an important component of the agreement. The Government has agreed not only to provide the full payment at the E-6 level, but it has also agreed to pay interest to remedy the untimely payment. Interest payments are a classic means of compensating one party for the other party’s delay in making payments. Restatement (Second) of Contracts § 354(1) (1981). In that light, we may proceed on the basis that immediate payments were contemplated by Appellant, but that does not resolve the question of whether the delay requires nullification of the agreement.
There are a number of ways to address the government’s failure to perform its responsibilities under a plea agreement:
(1) Require specific performance by the government or permit withdrawal from the agreement. See United States v. Perron, 58 M.J. 78, 84 (C.A.A.F.2003) (citing Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)).
(2) Provide for alternative relief, with the consent of the Appellant. See id. at 86 (holding that an alternative remedy may not be imposed on an unwilling defendant).
(3) Provide an adequate remedy to cure the material breach of the agreement. See, e.g., United States v. Garcia, 698 F.2d 31, 37 (1st Cir.1983) (resentencing defendant to time already served where other remedies would be meaningless or infeasible); Cooper v. United States, 594 F.2d 12, 20-21 (4th Cir.1979) (ordering specific enforcement “to the extent possible” of a plea proposal withdrawn by the government, where the lapse of time and intervening circumstances compelled the court to disregard some obligations of the government and defendant).
The term “specific performance” does not require the government to comply with each literal detail of the agreement when there is an adequate remedy. As we noted in Per-ron, “[w]here the failed term in the agreement involves pure economic concerns, finding relief of equal value is possible.” 58 M.J. at 85. Even when the term of an agreement involves a non-economic benefit, literal performance is not necessarily required if the level of performance possible at a later date constitutes an adequate remedy. See, e.g., Garcia, 698 F.2d at 37; Cooper, 594 F.2d at 20-21. In that regard, there is a distinction between: (1) alternative relief, which involves creation of a new agreement requiring the consent of the parties; and (2) an adequate remedy, which does not require any further agreement.
When the issue on appeal involves delayed timing of performance by the government, the question of whether belated performance constitutes an adequate remedy must be assessed on a case-by-case basis. The common law of contracts provides an important source of authority in this regard. The Restatement (Second) of Contracts, states that among the factors to be considered in assessing the adequacy of a remedy proposed to cure a contractual breach are the extent to which the breach may deprive a party of an expected benefit, whether a party can be adequately compensated for the lost benefit, the likelihood that the breaching party will perform a remedy, the breaching party’s adherence to standards of good faith and fair dealing, and whether delay precludes reasonable substitute arrangements. Restatement (Second) of Contracts, §§ 241, 242 (1981). Contract law, however, is helpful but not determinative. The ultimate assessment must also reflect due process considerations. See Perron, 58 M.J. at 85-86 (stating that the remedy for a material breach of a pretrial agreement must corroborate the voluntariness of the guilty plea).
In Perron, the lower court concluded that the timing of the payments was addressed on the face of the agreement. 58 M.J. at 85. In that context, with the breach of the agreement as to timing at issue, we concluded that the government’s offer of belated payments plus interest could not be treated as specific performance, but instead amounted to alternative relief, which could be substituted only with the consent of the appellant. See id. at 85-86.
In the present case, the agreement on its face does not address timing. Our prior decision in this ease expressly left open the question of whether a belated payment could constitute specific performance. United *306 States v. Lundy, 60 M.J. 52, 60-61 (C.A.A.F.2004) (remanding to determine whether a delayed implementation of a suspension would be considered specific performance). Here, the agreement focused on the provision of financial benefits to his dependents. In this context, Appellant must not only show the adverse effects of belated payments—a matter addressed in his filings with our Court—but he must also demonstrate that full payments plus interest would not provide an adequate remedy.
Appellant’s dependents can now receive a substantial sum of money from the Government, including interest covering the time during which payments were delayed. Appellant has failed to demonstrate that the payment of substantial sums to his dependents, at this time, would not constitute an adequate remedy for the Government’s breach. Accordingly, he has not met his burden of showing that there is a significant basis in law for overturning his plea.